IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARLANDER,<br><br>       Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>       Defendant. | )<br>)  Case No.: 1:10-cv-01970 JLT<br>)<br>)  ORDER GRANTING AN EXTENSION OF<br>)  TIME<br>)<br>)  (Doc. 20)<br>)<br>)<br>)<br>) |

Parties have stipulated by counsel for Defendant to have an extension of time to respond to Plaintiff's opening brief, and for Defendant to have an extension of time to file a reply. (Doc. 20).

The Scheduling Order entered in this action allows a *single* thirty-day extension by the stipulation of parties, after which "requests to modify [the] order must be made by written motion and will be granted only for good cause." (Doc. 7-1 at 4). The parties stipulated to a thirty-day extension on April 8, 2011, for the plaintiff to submit a confidential brief. (Doc. 12). At that time, the Court set deadlines for the opening brief to be filed by July 5, 2011, and the opposition by August 5, 2011. *Id.*

After Plaintiff timely filed his opening brief on July 5, 2007 (which was amended on July 7, 2007), Defendant sought a second extension of thirty days due to her workload and office leave. (Doc. 18 at 1-2). The Court granted the extension, and Defendant was ordered to file a responsive brief by September 5, 2011. (Doc. 19).

1    The parties now stipulate for a *third* extension of time in this action.[1] Defendant's counsel, Ms. Firer, asserts the extension is "based on the workload and unavoidable obligations . . . between the time this Court granted the Commissioner's first extension and September 5, 2011. (Doc. 20 at 1). According to Ms. Firer, during this time she had "several unavoidable meetings" and had to prepare for a Ninth Circuit argument, which she had anticipated would be taken off calendar. *Id* at 1-2. Further, the parties stipulate that Plaintiff's counsel shall have an extension of time to file his reply "given the obligations of Plaintiff's Counsel during the week of October 3, 2011." *Id.* at 2.

   Notably, the Scheduling Order states, a "[r]equest for modification of this briefing scheduling will **not** routinely be granted." (Doc. 7-1 at 4) (emphasis in original). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 74 Fed. R. Serv. 3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009).

   Though counsel does not state good grounds for a third extension of time, the Court will grant the extension of time requested.

   Accordingly, **IT IS HEREBY ORDERED**:

   1. Defendant SHALL file a responsive brief on or before **September 20, 2011**; and
   2. Plaintiff SHALL file a reply on or before **October 10, 2011**.
   3. **Absent a showing of exceptionally good cause, *no further extensions will be granted in this action.***

IT IS SO ORDERED.

Dated:   **September 2, 2011**                        /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The caption is incorrect in both the second and third requests for extension of time filed in this matter, and contains the name of a plaintiff whose case has been closed. (Docs. 18, 20). If this error occur in the future, the Court will deny the request or motion without comment.